Requestor: Michael A. West, Esq., County Attorney County of Schoharie R.D. # 1 106M Cobleskill, N Y 12043
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a husband and wife may hold certain positions in county government. You have indicated that the husband holds the elected position of county treasurer and was appointed by the board of supervisors as the county budget officer. His wife was appointed by the clerk of the board of supervisors to the position of deputy clerk to the board. That position also includes the titles of deputy county auditor and deputy county purchasing agent. The deputy clerk is an employee of the board of supervisors.
First, we note that every local government, including a county, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees. General Municipal Law § 806(1). You should examine the county's code of ethics to determine whether there are any applicable regulations.
The doctrine of compatibility of office applies to the holding by one person of two or more offices or positions of employment. It is inapplicable to a husband and wife serving in two separate positions in a local government. Op Atty Gen (Inf) No. 92-28.
In opinions of this office, we have emphasized that public officers must exercise their duties solely in the public interest. They should avoid circumstances which compromise their ability to make impartial judgments. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Op Atty Gen (Inf) 92-20.
In prior opinions of this office, while recognizing that there is no general prohibition on a husband and wife serving the same local government, we have noted special considerations that apply in light of the marital relationship. Op Atty Gen (Inf) 92-61; 1986 Op Atty Gen (Inf) 101; 1985 Op Atty Gen (Inf) 89. We have not previously considered the marital relationship in the context of local government financial procedures.
You have indicated that the County Law's definition of the duties of the several officers "fairly represent[s]" what these officers do. The county treasurer is the chief fiscal officer of the county. County Law §550(1). The treasurer receives and has custody of all money belonging to the county or in which the county has an interest and is responsible for keeping a true account of all receipts and expenditures of the county.Id., § 550(2). The treasurer, as chief fiscal officer, may also serve as the county budget officer. Id., § 351(3), (5).
The county auditor is responsible for auditing all claims, accounts, and demands which by law are made county charges. Id., § 600(1). The county treasurer may make payments only on accounts that have been audited and certified by the county auditor. Ibid. Every claim for payment of money must be in writing, itemized and must be audited. Id.,
§ 369(2). The board of supervisors may give the county auditor responsibility for the purchasing of supplies and equipment. Id., § 600(1).
You have provided additional information regarding the duties of the deputy clerk in Schoharie County. You state that the deputy only performs those duties assigned to her by the clerk. Also, you have indicated that there is an oral understanding that the deputy is not authorized to perform the duties of the clerk when that officer is sick or on vacation. Following pre-approval of requisitions by the clerk, the deputy clerk audits vouchers, consisting of a check of prices and dollar amounts. The deputy also confirms that there are sufficient funds in the budget line item to pay the voucher. Once the deputy has signed off on the voucher, it is transferred to the clerk who informs the treasurer that the voucher has been audited and certified for payment.
It is clear from the statutory scheme that the Legislature has separated the auditing function from the responsibility for custody and payment of public funds. Statutory provisions require that auditing of claims take place prior to payment. While certain finance officers may serve in dual positions, there is no authority for the treasurer to serve also as the auditor. In a prior opinion dealing with compatibility of offices, we found two positions incompatible in that holding of both would merge the payment and the auditing functions. We found that the Legislature contemplated that these functions would be separate and independent of one another. 1989 Op Atty Gen (Inf) 158.
In our view, a husband and wife should not serve as treasurer and deputy auditor, respectively. The Legislature contemplated a separation of these functions as a fiscal check and balance. The auditor is in a position, prior to making of payments, to discover mistakes and to weed out fraud and abuse. The auditor can also serve as an effective deterrent. The complete separation of the auditing function from responsibility for custody and payment of public funds establishes the independence of the office, allowing its occupant to fulfill the above-stated goals both in fact and in the public's perception. While there is no general prohibition on a husband and wife serving the same local government, in our view the marital relationship would erode the separation of these functions and the resulting fiscal checks and balances. The protection of public funds deserves special attention in order to maintain public confidence in government.
We conclude that the service of a husband as the county treasurer and his wife as the deputy county auditor would erode fiscal checks and balances designed to maintain public confidence in government.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.